Okay, and before we get started, y'all might have been here on one of the prior cases, but Justice Holdridge was unable to be here, but he will be participating in the resolution of the case, and we'll be, of course, listening to the recording of the argument. So, Ms. Green? Thank you. May it please the court? Counsel? The defendant filed a post-conviction petition. It was dismissed at the second stage, and we're appealing that decision here today. For the most part, I do stand on my written arguments. For the sake of oral argument, I would like to just address some of the issues that the state brought up in their response to my brief. The first one being that the issue is waived by forfeiture because the failure to subpoena the witness is of record. We disagree with this. I don't believe that the trial court's failure to investigate, I should say, is a better way to put it, is on the record. The record does indicate that the trial counsel did not subpoena the witness. However, there are certain things that are off the record that make an exception to the waiver rule. What appears to be on the record is that the attorney investigated this witness, that this attorney somehow contacted the witness and somehow came up with the conclusion that, on her own, through her own investigation, that the witness had moved from Peoria to Georgia. What is on the record, or what appears to be on the record, is that the defendant waived, continuing the case in order to find the witness. However, what is not on the record, but what is in the petition, is that the witness was known to the attorney when the discovery process took place. In the post-conviction petition, the defendant includes what appears to be a sheet of paper from the discovery, which indicates that this witness, Ms. Jackson, was interviewed by the police the day after the incident, so May 2, 2005. From that, we do know, off the record, that this witness was at least known to the defense attorney when she received the discovery. We also know that the witness was not listed until August 18, 2005. So we don't know what steps the attorney made, if any at all, to investigate or to try and secure this witness's appearance for trial, for any of the trial dates. What is also off the record, but is in the post-conviction petition, is that the defendant told the attorney that the witness would be unavailable, that her whereabouts would be unknown, prior to the beginning of the school year. Still, the attorney did not list this witness until August 18, and then trial is not coming up until, did not occur until September, I guess, 12th was the trial date. So it's even possible that at the time that the attorney even listed this witness as a defense witness, that that Pura address was invalid. So it appears that, from the information that we get from the defendant's post-conviction petition, that this attorney did not do any sort of investigation, did not contact the witness at all, or try to secure her appearance for trial. And what is completely off the record is when the attorney told the defendant that the witness would not show up for trial. On September 12th, which was the third trial setting, that was the date where the court asked both parties if they were ready for trial. The defense attorney answered ready. The defense attorney said, they know our witnesses, we know their witnesses, they know our affirmative defense. And essentially gave the appearance that she was ready, that her witnesses were ready and available. She makes no mention at this trial setting when she says she's ready, that this witness, who she later characterizes as material, that this material witness would not be present for the trial. It's only until the next day, minutes before jury selection is about to start, that she informs the record that this material witness will not be present in court. That she wants a continuance and that this continuance is over the objection of the defendant. But throughout the trial settings and the continuances, every time there's been a continuance, the attorney knew that the defendant wanted this case to be disposed of quickly. He wanted to go to trial quickly. At every continuance that was requested, the first one, the defense continuance on July 27th, the attorney had no problem asking for a continuance then, even though it was over the objection of the defendant. And also the second, when the state requested a continuance on August 22nd, that too was over the defendant's objection. So for the attorney to present to the court that she was only going forward with trial simply because the defendant didn't want a continuance is a bit disingenuous, considering the previous trial settings when she had no problem requesting a continuance over the defendant's objection. Are you contending that these are things that Mr. Harvey did not know or could not have known prior to the expiration of the first appeal? That the attorney had not had any contact with the defense witness? Is that what you're asking? No, whether or not there had been a subpoena, whether or not she was not going to be available. I mean, these are all things that, by virtue of the fact that she's asking for this continuance and this witness isn't here, that are known. That these are things that I'm saying would be fleshed out in an evidentiary hearing. We don't know what communication that the attorney had with the defendant. We don't know if he knew whether or not there were subpoenas being... But wouldn't that lend itself more to the first appellate counsel, to a direct appeal? Because at the time trial takes place, he has stated that this is his alibi witness and yet that individual is not called because she's not available. I guess I'm having a hard time understanding your argument of why this couldn't have been raised in a direct appeal. Okay. It's the defendant's argument that what was not on record was that the witness was... It appears as if the attorney found out about this witness, tried to find this witness, couldn't secure the appearance of this witness, and that Mr. Harvey waived a continuance to get this witness for trial. However, it's the defendant's argument that what is off of the record is that the attorney knew that this witness would be leaving and that the attorney knew of this witness and didn't take the steps necessary to secure the appearance of this witness. I don't believe that the record shows ineffectiveness without the information from the post-conviction petition, that Mr. Harvey did inform his attorney that this witness would be leaving and that this witness needed to be subpoenaed before the 18th. I don't think that the record itself indicates that or illustrates that. But I guess those are matters that could have been fleshed out in a direct appeal. You're not contending that the defense counsel lied to him and said, Oh, I subpoenaed that witness, but they're not found. You're not saying that. You're just saying that the way the record looks, it's as if she couldn't find that witness. But you're saying that your client told her prior to the commencement of trial, she's going to be leaving, you need to get her here. Those are all things that he knew and could have appealed on a direct appeal. He could have brought those arguments to appellate counsel. There's nothing here that is unknown at the time that the first appeal ends or that he couldn't have raised then, are there? I do see what you're saying. I think one thing that the record doesn't show is... I do see your point. I think what's also important, though, is the witness's testimony, what the witness's testimony would have been. And that gets to another issue that the state raises, the fact that there are no affidavits. Again, the defendant contends that there are no affidavits because this witness's whereabouts are unknown, and therefore with his abilities, with what he had at his disposal, wasn't able to secure an affidavit from the witness. But the state contends that even if the witness would have testified, the result would have been the same. We would disagree, even though the post-conviction petition includes this interview from the witness, and the witness first gives an alibi and then changes her story. We do know that the witness was arrested and she was taken into custody for the evening, and we don't exactly know why necessarily her story changed, if it was simply because she lied the first time or if it was because she was coerced or threatened by the police. And support for that possibility comes from the other affidavit that was included in the petition, from LaDenise Heron, who in her affidavit states that she was coerced by police officers. So the testimony of that alibi witness along with potential testimony by Ms. Heron would potentially lead to a different result in this case, and leads to the credibility of the alibi witness's testimony that her story only changed because she was somehow coerced by the police. So I think that's something else that is off-record, and I guess could lean toward potential prejudice in the trial counsel not calling or not investigating this witness and securing her presence for trial. Let me take another tack and ask you, okay, so before the trial began, they knew the witness wasn't going to be there, right? And so then the defense counsel moves for a continuance, and the defendant says, no, I don't want a continuance. I want to go to trial now. So if you got a witness that arguably might be helpful to you and you find out before the trial starts, that the witness isn't going to be there, is the remedy to get a continuance to allow you to get the witness, or is the remedy to say, oh, let's take a flyer and see what happens, and if I'm not guilty, problem solved. If I'm guilty, then I'll just argue that I should have had this witness here, because ultimately, ineffective or not, the point was the witness wasn't there. And there was a remedy for that that seemed to be offered. He will give you a continuance so you can go get the witness. And the defendant says, I want no part of that. I want to go to trial. Does that lead to some gamesmanship? I can't say what the defendant was thinking. I mean, that I can't say. I could argue that perhaps it was the duty of the attorney, who claims that this witness is a material witness, to request the continuance over the objection of the defendant. If the attorney's duty is to be a zealous advocate for the defendant, that means making the proper legal decisions. I think it could be argued that she failed in her duty to ask for the continuance, to override what the defendant wanted just because he wanted to get the trial over quickly. It was her duty to investigate this witness, know what she had to say, and she claims this is a material witness, and that would assume that she knows what the witness is going to say and that perhaps it was the attorney's duty to them, therefore ask for the continuance, and that it's not on the defendant.  If this witness showed up at trial, what would her testimony have been? I'm not exactly sure, but we do know that there was a change in her testimony. Like I previously said, it's possible that her testimony changed as a result of being placed into custody and being arrested, and that may have caused her change in testimony. I think that's important to know, considering that you have another affidavit where somebody alleges that she was forced by the police to testify against the defendant. I think that would be important testimony to gain from this witness. Thank you, Ms. Green. Mr. Arano. Good morning, Your Honors. This case is what it is, as they say. A few points the counsel did not address. The second issue that they had raised was the DNA fee, whether she had been vacated. Initially, they had cited the PSI, and it did not include any indication that he already had a DNA profile on record in her reply brief. She did provide that proof, so there's no reason under Supreme Court precedent not to vacate that. On that point, that should resolve that. As far as the other substantive issues in the case, I believe Your Honors have hit the nails on the head, so to speak. The matter certainly was of record. It was sufficient to know that there was no subpoena for the witness on the day of trial. There was an awareness that that witness wasn't going to be available. In fact, the judge, and I have the entire discussion with the defendant between the judge and our brief, saying, Are you sure? Do you want to make sure you want to do this? Do you know that this defense isn't going to be able to develop if you don't have this witness? Yes, I understand that. And you still don't want to ask for a continuance? No, I don't. I mean, it's hard to overcome that affirmative waiver. It's not even a procedural waiver. The procedural waiver comes, of course, and that issue could have been raised on direct appeal, and it wasn't, and therefore it should have been. It's waived under race judicata. There's questions about whether the witness could have argued that there was a duty of the attorney to ask for a continuance even though the defendant didn't want it. That wasn't actually argued in their brief, so that's technically waived. Also, the defendant was obviously adamant, and even if he had gotten a continuance, even as noted in the defendant's brief, the witness still wasn't available. So even if he had gotten a continuance, it wouldn't have changed anything, even to the day that he filed his post-community petition, the witness wasn't available. Which comes to the point of relief. I mean, what relief could he even get now? The witness's whereabouts are unknown. So you'd go back to trial and have the same thing happen, essentially. Also, discussion about this other witness who claimed that she was coerced to testify, how would that have been admissible at trial? I would suggest it wouldn't have been because it is a matter outside what happened to this particular witness. Now, if that witness showed up and testified to that, it might be different, but as you say, it's simply not available. I believe the rest of our brief handles those remaining ideas, so if there's nothing further, we'd just ask that you affirm the dismissal. Thank you. Any rebuttal, Ms. Green? Alright, well thank you both for your arguments here this morning. This matter will be taken under advisement. As I said, Justice Holdridge will be participating. But the arguments were excellent. It will be taken under advisement and a written disposition will be issued. So thank you both, and right now the court will be in recess.